UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 05-13558 |
| | : | |
| LOCKWOOD AUTO GROUP, INC., | : | CHAPTER 7 |
| DEBTOR | : | |
| | : | |
|    NATIONAL CITY BANK OF | : | DOCUMENT NO. 179 |
|    PENNSYLVANIA, Movant | : | |
|           vs. | : | |
|    LOCKWOOD AUTO GROUP, INC., | : | |
|    BARBARA A. LOCKWOOD and | : | |
|    RICHARD W. ROEDER, Trustee, | : | |
|    Respondents | : | |
| | : | |
| IN RE | : | BANKRUPTCY NO. 06-10941 |
| | : | |
| BARBARA A. LOCKWOOD, DEBTOR | : | CHAPTER 11 |
| | : | |
|    NATIONAL CITY BANK OF | : | DOCUMENT NO. 15 |
|    PENNSYLVANIA, Movant | : | |
|           vs. | : | |
|    BARBARA A. LOCKWOOD and | : | |
|    LOCKWOOD AUTO GROUP, INC., | : | |
|    Respondents | : | |

APPEARANCES:

KURT L. SUNDBERG, ESQ., ERIE, PA, ATTORNEY FOR NATIONAL CITY BANK
   OF PENNSYLVANIA
RICHARD W. ROEDER, ESQ., TITUSVILLE, PA, TRUSTEE AND ATTORNEY
   PRO SE OF LOCKWOOD AUTO GROUP, INC.
JOHN C. MELARAGNO, ESQ., ERIE, PA, ATTORNEY FOR BARBARA A.
   LOCKWOOD
JONATHAN D. DEILY, ESQ., RICHARD C. MAIDER, ESQ., ALBANY, NY,
   ATTORNEYS FOR DAIMLER CHRYSLER FINANCIAL SERVICES AMERICAS LLC

WARREN W. BENTZ, U.S. BANKRUPTCY JUDGE

MAY 31, 2007

OPINION

I.     Introduction

Lockwood Auto Group, Inc. ("Lockwood Auto" or "Debtor") filed a voluntary Petition under Chapter 11 of the Bankruptcy Code on October 3, 2005 ("Filing Date"). By Stipulation and Consent Order entered on the docket on December 14, 2005, the Court directed the appointment of a Chapter 11 Trustee. Richard W. Roeder, Esq. was appointed as Chapter 11 Trustee and, after investigation, moved to convert the case to Chapter 7. The case was converted to Chapter 7 by Order dated March 2, 2006. Richard W. Roeder, Esq. continues to serve in the capacity of Chapter 7 Trustee (the "Trustee").

Barbara A. Lockwood ("Barbara") is the President and sole shareholder of Lockwood Auto.[1] Barbara filed a separate voluntary Petition under Chapter 11 of the Bankruptcy Code on August 11, 2006. Barbara remains a debtor-in-possession in her Chapter 11 case.

Before the Court in both the Lockwood Auto and Barbara cases are Motions for Relief From Automatic Stay filed by National City Bank ("NCB"). Daimler Chrysler Financial Services Americas, LLC ("Daimler") opposes the Motions.

At a hearing held on November 13, 2006, NCB agreed to withdraw its Motion in Barbara's case having determined that there was no longer an issue of ownership and that the certificate of deposit at issue is owned solely by Lockwood Auto. The Court determined to hold the Motions open in both cases so that they could be considered together.

---

[1] In 2002, Barbara gifted one share of Lockwood Auto to each of her children. Those shares were returned to Barbara prior to the filing of Lockwood Auto's bankruptcy in 2005.

2

NCB and Daimler have filed a Stipulation of Facts and Briefs in Support of their respective positions and the matter is ripe for decision.

## II.    Stipulated Facts

We set forth herein the Stipulation of Facts filed by the parties verbatim, omitting references to exhibits:

1.    Lockwood Auto Group, Inc. is the Chapter 7 debtor at Bankruptcy Case No. 05-l3558-WWB and Pennsylvania corporation that maintained a new and used motor vehicles sales business at 808 East Main Street, Girard, Pennsylvania 164l7.

2.    Barbara A. Lockwood is the Chapter 11 debtor at Bankruptcy Case No. 06- 1094l-WWB and an adult individual that resides at 2614 Dunford Way, Erie, Pennsylvania 16509.

3.    National City Bank of Pennsylvania is a bank authorized to do business in Pennsylvania with offices located at l16 Allegheny Center, Pittsburgh, Pennsylvania 15212.

4.    DaimlerChrysler Financial Services Americas, LLC is a company providing wholesale financing to new and used motor vehicle sales businesses with offices at Mid-Atlantic Business Center, 6085 Marshalee Drive, Elkridge, Maryland 21075.

5.    On January 21, 2002, Barbara A. Lockwood completed a Small Business Credit Application for a loan with NCB.

6. On said Application, Barbara A. Lockwood requested a new line of credit with NCB.

7. In Section 1 of the Application, the business structure is indicated as "individual for business purpose."

8. In Section 2 of said Application, it is indicated that Barbara A. Lockwood requested a loan of $100,000.00 and indicated that the funds would be used for "used vehicle inventory."

9. Section 2 also indicated that the collateral for the loan would be a "National City CD for $100,000.00."

10. On February 12, 2002, in consideration of the loan of $100,000.00 made by NCB to Barbara A. Lockwood, Barbara A. Lockwood executed and delivered to NCB a Note in the principal amount of $100,000.00, obligating Barbara A. Lockwood to make regular monthly payments of all accrued unpaid interest due, which payments were due on or before the fifteenth (15th) day of each month, with interest on the unpaid principal balance from the date of said Note, until paid, at the rate of the Wall Street Journal prime rate as it fluctuated from time to time (the "Note)".

11. Said Note was a demand note and it provided, in relevant part: "Borrower will repay this loan immediately upon Lender's demand. Payment in full is due immediately upon Lender's demand."

12. On or about February 12, 2002, Barbara A. Lockwood received $100,000.00 from NCB under the Note.

13. On or about February 12, 2002, Barbara A. Lockwood executed and delivered to NCB a commercial security agreement entitled, "Assignment of Deposit Account " granting NCB a security interest in CD Account No. 9049164432 maintained with NCB with an approximate balance of $100,000.00, together with all interest accruing thereon, all additional deposits thereafter made to the account, any and all proceeds from the account, and all renewals, replacements and substitutions for the account, plus all of her property in NCB's possession, whether tangible or intangible in character.

14. On or about February 15, 2002, a Certificate of Deposit Receipt was issued to Barbara A. Lockwood for the acquiring of CD Account No. 9049164432.

15. Lockwood Auto Group, Inc. did not execute any guaranty in favor of NCB regarding the Note.

16. Upon information and belief, the $100,000.00 loaned by NCB to Barbara A. Lockwood was in fact used by Lockwood Auto Group, Inc. to purchase used vehicle inventory.

17. On or about March 21, 2002, Barbara A. Lockwood requested that the CD Account No. 9049164432 be changed from her individual name to a CD account in the name of Lockwood Auto Group, Inc.

18. On or about March 21, 2002, NCB issued CD Account No. 9049164513 in the name of Lockwood Auto Group, Inc.

19. On or about March 29, 2002, NCB completed a Limited Review Approval regarding Barbara A. Lockwood in which it noted that CD Account No. 9049164432 was being substituted with CD Account No. 9049164513 as collateral for the Note.

20. Said Limited Review Approval notes that the purpose of the limited review was substituting collateral from CD # 9049164432 to CD # 9049164513."

21. On or about April l, 2002, Lockwood Auto Group, Inc., by its President, Barbara A. Lockwood, and Barbara A. Lockwood, individually, executed and delivered to NCB a commercial security agreement entitled, "Assignment of Deposit Account," granting NCB a security interest in CD Account No. 9049164513 maintained with NCB with an approximate balance of $100,000.00, together with all interest accruing thereon, all additional deposits thereafter made to the account and any and all proceeds from the account, and all renewals, replacements and substitutions for the account, plus all of the debtor's property in NCB's possession, whether tangible or intangible in character.

22. Lockwood Auto Group, Inc. did not execute any note, loan or other obligation with NCB on or about the time CD Account No. 9049164513 was pledged to NCB.

23. On or about April 4, 2002, Barbara A. Lockwood signed a signature card and related documents on behalf of Lockwood Auto Group, Inc. for CD Account No. 9049164513.

24. Although termed a "CD" account, CD Account No. 9049164513 constitutes an uncertificated certificate of deposit.

6

25. The Collateral Maturity Report for CD Account No. 9049164513 indicates that the owner of the CD is "Barbara A. Lockwood."

26. The Savings Account Inquiry for CD Account No. 9049164513 does not indicate a named owner, but indicates that legal title is with "Corporation."

27. The Signors on Account printout for CD Account No. 9049164513 indicates that there are two signors for CD Account No. 9049164513, Lockwood Auto Group, Inc. and Barbara A. Lockwood, individually, both with the address of 808 Main Street East, Girard, Pennsylvania 16417, which was the business address for Lockwood Auto Group, Inc.

28. The Signature Card for CD Account No. 9049164513 indicates that Barbara A. Lockwood signed as President of Lockwood Auto Group, Inc.

29. The IRS 1099-INT Forms for 2004 and 2005 reported interest income only to the debtor, Lockwood Auto Group, Inc., under its employer identification number.

30. Despite a few discrepancies in NCB's records, it is undisputed that CD Account No. 9049164513 is owned solely by Lockwood Auto Group, Inc.

31. Barbara A. Lockwood failed to make the required monthly payments under the terms of the Note and was in default. Accordingly, NCB made demand upon Barbara A. Lockwood for payment in full of the amounts due and owing under the Note.

32. NCB never made a demand upon Lockwood Auto Group, Inc. for payment in full of the amount due and owing under the Note.

33. On March 20, 2006, NCB filed a Motion for Relief From Stay regarding CD Account No. 9049164513.

34. The total amount due and owing NCB under the Note as of March 20, 2006 (i.e., the payoff) was approximately $103,542.38.

35. As of March 20, 2006, the amount of CD Account No. 9049164513 totaled approximately $102,515.54.

36. Interest continues to accrue on the Note at a rate of 7.50% per annum and the daily interest charge thereon is $20.80 per day.

37. Pursuant to the terms of said Note, if payment of any principal and accrued interest remains unpaid ten (10) days after demand for payment in full, then a late charge of 5% of the unpaid principal and accrued unpaid interest may be imposed.

38. NCB has placed a temporary hold or administrative freeze on CD Account No. 9049164513 pending the outcome of the instant motions for relief from automatic stay.

### III.   NCB Position

NCB asserts that it has a perfected security interest in the CD account. It asserts that the security interest was created and perfected not only by reason of a security agreement signed by NCB and Lockwood Auto, but also by reason of NCB's control

over the deposit account. NCB requests relief from the automatic stay to apply the balance of the deposit account to the obligation that it asserts is secured by the account.

IV.     Daimler Position

Daimler asserts that the pledge of the CD Account by Lockwood Auto to NCB as security for Barbara's debt fails for lack of consideration; that NCB's security interest is unenforceable as no value was given in exchange for Lockwood Auto's pledge of a security interest in the CD Account; and that Lockwood Auto's pledge of the CD Account to NCB as security for Barbara's personal debt constitutes a fraudulent conveyance under § 5104 and § 5105 of the Pennsylvania Uniform Fraudulent Transfer Act, 12 Pa. C.S. § 5104; § 5105 ("PUFTA").

V.     Discussion

Daimler seeks to avoid the transfer of a security interest in the CD Account by Lockwood Auto to NCB under various theories, one of which is as a fraudulent transfer under § 5105 of the PUFTA. The granting of a security interest in the assets of the Debtor is a transfer subject to avoidance. See In re Blatstein, 226 B.R. 140, 151 n.15 (E.D. PA 1998). A creditor may obtain avoidance of the transfer to the extent necessary to satisfy the creditor's claim. 12 Pa. Cons. Stat. Ann. § 5107.

Section 5105 of the PUFTA provides:

> **§ 5105. Transfers fraudulent as to present creditors.**
> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

12 Pa. Cons. Stat. Ann. § 5105.

9

There is no question that Daimler's claim arose before Lockwood Auto transferred a security interest in the CD Account to NCB. Likewise, it is free from doubt that Lockwood Auto was insolvent at the time of the transfer. The only issue is whether Lockwood Auto made the transfer of the security interest in the CD Account without receiving a reasonably equivalent value in exchange for the transfer.

On February 12, 2002, Barbara borrowed $100,000 from NCB and Barbara gave NCB a security interest in a CD. Barbara transferred the borrowed funds to Lockwood Auto which Barbara states were used by Lockwood Auto to purchase used vehicles.

On March 21, 2002, Barbara requested that the CD held by NCB be transferred to Lockwood Auto. On March 21, 2002, NCB issued the CD Account in the name of Lockwood Auto. The CD Account was then the property of Lockwood Auto. Lockwood Auto owed nothing to NCB. On April 1, 2002, Lockwood Auto donated its interest in the CD Account to NCB to hold as collateral for NCB's loan to Barbara. Lockwood Auto received no consideration from NCB for the transfer.[2]

NCB might argue that these dealings were all interrelated and that NCB's loan to Barbara was adequate consideration for Lockwood Auto's pledge of the CD Account. However, § 5105 provides that a transfer made "is fraudulent as to a creditor . . . if the debtor made the transfer . . . without receiving a reasonably equivalent value in exchange

---

[2] Similar issues are involved with a First National Bank of PA loan at Adversary No. 06-1100 being decided simultaneously with this decision. In the decision at Adversary No. 06-1100 we stated "that the purpose of the circular transaction was to deceive Daimler by inducing it to believe that the shareholders of Lockwood Auto had injected $200,000 of capital in Lockwood Auto, and thus Daimler extended additional credit and allowed Lockwood Auto to continue to operate even though its net worth had declined to a position below Daimler's standard requirements. It appears, but we need not decide, that the NCB transactions were initiated for similar purposes.

10

for the transfer." Thus, the supporting consideration, if it is to benefit NCB, must have flowed to the Debtor. It did not. NCB made the loan to Barbara.

Accordingly, Daimler, as a creditor, is entitled to avoid Lockwood Auto's transfer to the extent necessary to satisfy Daimler's claim 12 Pa. Cons. Stat. Ann. § 5107(a)(i).

NCB's Motion for Relief from Automatic Stay must be refused. An appropriate Order will be entered.

/s/ Warren W. Bentz
Warren W. Bentz
United States Bankruptcy Judge

11

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 05-13558 |
| | : | |
| LOCKWOOD AUTO GROUP, INC., DEBTOR | : | CHAPTER 7 |
| | : | |
| NATIONAL CITY BANK OF PENNSYLVANIA, Movant | : | DOCUMENT NO. 179 |
| vs. | : | |
| LOCKWOOD AUTO GROUP, INC., BARBARA A. LOCKWOOD and RICHARD W. ROEDER, Trustee, Respondents | : | |
| | : | |
| IN RE | : | BANKRUPTCY NO. 06-10941 |
| | : | |
| BARBARA A. LOCKWOOD, DEBTOR | : | CHAPTER 11 |
| | : | |
| NATIONAL CITY BANK OF PENNSYLVANIA, Movant | : | DOCUMENT NO. 15 |
| vs. | : | |
| BARBARA A. LOCKWOOD and LOCKWOOD AUTO GROUP, INC., Respondents | : | |

**ORDER**

This 31st day of May, 2007, in accordance with the accompanying Opinion, it shall be and hereby is ORDERED that the Motion of National City Bank of Pennsylvania for Relief From Automatic Stay in each of the above cases is REFUSED.

/s/ Warren W. Bentz
Warren W. Bentz
United States Bankruptcy Judge

c:   Kurt L. Sundberg, Esq.
     Richard W. Roeder, Esq.
     John C. Melaragno, Esq.
     Jonathan D. Deily, Esq.
     Richard C. Maider, Esq.